IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| NEBIYU BETESELASSIE and<br>BETHLEHEM GELAW,<br><br>*Plaintiffs,*<br><br>V.<br><br>Porcelana Corona de Mexico, S.A. de C.V.<br>formerly known as Sanitarios Lamosa S.A.<br>de C.V. also known as Vortens,<br><br>*Defendant* | )<br>)<br>)<br>)<br>)<br>)  Case No. 2:21-cv-02153<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **MEMORANDUM AND ORDER**

This case is before the Court on Plaintiffs' Motion for Leave to File First Amended Complaint (ECF No. 63). Plaintiffs filed their motion on the deadline for filing motions to amend set in the Amended Scheduling Order—January 28, 2022.[1] Defendant objects because it has already taken Plaintiffs' depositions; the proposed Amended Complaint adds new allegations; and Plaintiffs have not agreed to a second deposition focusing on their new allegations. Defendant argues Plaintiffs are "withholding discovery" on their new proposed claims, which will result in undue prejudice to Defendant if amendment is allowed. The discovery deadline in this case is July 15, 2022.

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings before trial. It provides that the parties may amend a pleading once "as a matter of course" before trial if they do so within (A) 21 days after serving the pleading, or (B) "if the pleading is one to which a responsive

---

[1] ECF No. 59.

pleading is required," 21 days after service of the responsive pleading or a motion under Fed. R. Civ. P. 12(b), (e), or (f), whichever is earlier.[2] Other amendments are allowed "only with the opposing party's written consent or the court's leave."[3] Rule 15(a)(2) also instructs that the court "should freely give leave when justice so requires."[4] The court's decision to grant leave to amend a complaint, after the permissive period, is within the trial court's discretion and will not be disturbed absent an abuse of that discretion.[5] The court may deny leave to amend upon a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."[6] Prejudice under Rule 15 "means undue difficulty in prosecuting [or defending] a lawsuit as a result of a change of tactics or theories on the part of the other party."[7] The party opposing amendment bears the burden of showing prejudice.[8]

When a party seeks to depose someone who has already been deposed once, "[that] party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2) . . . if the parties have not stipulated to the deposition . . . ."[9] Although the decision

---

[2] Fed. R. Civ. P. 15(a)(1).

[3] Fed. R. Civ. P. 15(a)(2).

[4] *Id.*; *accord Foman v. Davis*, 371 U.S. 178, 182 (1962).

[5] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).

[6] *Id.* (quoting *Foman*, 371 U.S. at 182).

[7] *Sithon Mar. Co. v. Holiday Mansion*, 177 F.R.D. 504, 508 (D. Kan. 1998) (quoting *Deakyne v. Comm'rs of Lewes*, 416 F.2d 290, 300 (3d Cir. 1969)).

[8] *Id.* (citing *Beeck v. Aquaslide 'N' Dive Corp.*, 562 F.2d 537, 540 (8th Cir. 1977)).

[9] Fed. R. Civ. P. 30(a)(2)(A)(ii).

is discretionary, courts generally disfavor repeat depositions.[10] The common exception is to allow a party to re-open a deposition where new information is discovered after the initial deposition.[11]

The only basis Defendant gives for disallowing amendment is Plaintiffs have not agreed to a second deposition on the proposed new allegations—which, according to Defendant, will result in undue prejudice. But discovery has not closed and written discovery remains an option (as does testimony from other witnesses such as Plaintiffs' experts). Perhaps after propounding written discovery and receiving responses, Defendant will maintain that second depositions are necessary. If that is the case, after meeting and conferring, Defendant may seek court intervention in a timely manner, before the discovery deadline runs. But at this time, Defendant has not shown that allowing amendment would result in undue prejudice that cannot otherwise be cured. The proposed Amended Complaint does not change tactics or theories, thereby making it unduly difficult to defend the case. The proposed Amended Complaint adds more facts, including some that are outside the knowledge of Plaintiffs and likely cannot be explored through additional deposition questions of Plaintiffs (e.g., Defendant's status as a "supplier" and the material used to make the toilet tanks). And the proposed Amended Complaint sets forth additional ways Defendant

---

[10] *Dixon v. Certainteed Corp.*, 164 F.R.D. 685, 690 (D. Kan. 1996) (citations omitted).

[11] *E.g., Dixon*, 14 F.R.D. at 691–92 (allowing second deposition limited to inquiring about statements contained in safety report produced four months after initial deposition); *Le v. Diligence, Inc.*, 312 F.R.D. 245, 246 (D. Mass. 2015) (allowing second deposition because defendants failed to disclose maintenance records relevant to personal injury action until one year after initial discovery responses); *Quality Aero Tech., Inc. v. Telemetrie Elektronik GmbH*, 212 F.R.D. 313, 319 (E.D.N.C. 2002) (allowing second 30(b)(6) deposition, finding that "newly-discovered information [is] . . . sufficient for a finding of good cause under Rule 30"); *Keck v. Union Bank of Switzerland*, No. 94-4912, 1997 WL 411931, at *1 (S.D.N.Y. July 22, 1997) ("[A] second deposition is often permitted, where new information comes to light triggering questions that the discovering party would not have thought to ask at the first deposition.").

allegedly violated the Kansas Consumer Protection Act. But adequate time and opportunities exist for Defendant to defend these claims without undue difficulty.

IT THEREFORE ORDERED that Plaintiffs' Motion for Leave to File First Amended Complaint (ECF No. 62) is granted. Plaintiffs shall file their First Amended Complaint within 5 days of the date of this Memorandum and Order.

IT IF FURTHER ORDERED that any implicit request by Defendant to subject Plaintiffs to a second deposition is denied without prejudice. After pursuing other avenues of discovery and meeting and conferring with Plaintiffs, Defendant may return to the Court—in a timely manner, before the discovery deadline runs—with another request to depose Plaintiffs a second time if Defendant is prepared to meet its burden to show the necessity of a second deposition.

Dated April 12, 2022, at Kansas City, Kansas.

Teresa J. James
U.S. Magistrate Judge